JS - 6   **LINK: 8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**      (In Chambers)

### ORDER RE: MOTION TO REMAND

### I. INTRODUCTION AND BACKGROUND

Plaintiff Cydney Sue Wilson-Condon ("Plaintiff") brought this suit against Allstate Indemnity Company ("Allstate") and various other Allstate entities in Los Angeles County Superior Court on May 4, 2011. (Docket No. 1, Not. of Removal, Ex. A [Compl.].) On June 30, 2011, she filed a First Amended Complaint also naming Dr. Tye J. Ouzounian ("Dr. Ouzounian") as a defendant. (Not., Ex. C [First Am. Compl. ("FAC")].) On July 5, 2011, Allstate removed the action to this Court on the purported basis of diversity jurisdiction. (Not. at 1–2.) Plaintiff now moves to remand the action to state court on the ground that the parties are not diverse and that this Court accordingly lacks subject matter jurisdiction. (Docket No. 8.)

Plaintiff, a California citizen[1], alleges that she purchased an automobile insurance policy from Allstate that, among other things, covered Plaintiff for damages she would be legally entitled to recover because of bodily injury caused by an accident arising out of the ownership, maintenance, or use of an uninsured auto. (FAC ¶ 6.) On June 22, 2007, Plaintiff was involved in an accident with an uninsured auto in which Plaintiff suffered a severe foot fracture that has resulted in permanent residual disfigurement and disability. (Id. ¶¶ 7–8.) Plaintiff avers that she

---

[1] The complaint and notice of removal allege that Plaintiff is a resident of California. The parties do not dispute that Plaintiff is also a <u>citizen</u> of California, and the Court notes that a person's residence is prima facie her place of citizenship. See <u>Marroquin v. Wells Fargo, LLC</u>, No. 11-163, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

submitted a claim to Allstate under her policy, but Allstate denied it.[2] (Id. ¶ 16.) Plaintiff accordingly asserts claims against Allstate for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. (Id. ¶¶ 9–32.)

Plaintiff further alleges that Allstate and Dr. Ouzounian conspired to defraud Plaintiff and to deprive her of her right to obtain benefits by stating that Plaintiff's injuries had existed since before the accident. (Id. ¶ 41.) Specifically, Plaintiff alleges, Allstate and Dr. Ouzounian agreed that Dr. Ouzounian would write a false report that would justify a plausible denial of Plaintiff's claim. (Id. ¶ 42.) Plaintiff also alleges that Dr. Ouzounian illegally recorded confidential communications between Plaintiff and Plaintiff's counsel's agent without their consent and then transcribed the communications and transmitted them to Allstate. (Id. ¶ 35.) On the basis of these allegations, Plaintiff asserts claims against Dr. Ouzounian for invasion of privacy in violation of the California Privacy Act, Cal. Penal Code §§ 632 et seq., for conspiracy, and for intentional infliction of emotional distress. (Id. ¶¶ 33–52.) Dr. Ouzounian is a citizen of California, but Allstate contends he is a sham defendant who Plaintiff added for the sole purpose of defeating diversity jurisdiction. (Not. ¶¶ 5, 8.)

**II. DISCUSSION**

**A. PLAINTIFF'S FAILURE TO MEET AND CONFER**

Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least five or ten days before filing the motion, depending on the type of motion. C.D. Cal. R. 7-3. Allstate suggests that Plaintiff's motion to remand should be denied for failure to comply with this rule. (Opp. at 2.) The Court acknowledges that Plaintiff did not meet and confer with Allstate regarding her motion to remand within the time period required by Rule 7-3. (See Docket No. 15, Declaration of Katherine Harvey-Lee ("Harvey-Lee Decl.") ¶ 3.) Nonetheless, Allstate does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance, and Allstate was able to prepare and submit an opposition. Thus, it appears that no prejudice will result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's failure to comply with Local Rule 7-3.

**B. LEGAL STANDARD FOR REMOVAL**

---

[2] In connection with its opposition to the motion to remand, Allstate has submitted evidence that it ultimately paid Plaintiff's claim up to the policy limit of $100,000. (Declaration of Carol E. Stokx ¶ 7.)

JS - 6  LINK: 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[J]urisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

Complete diversity is not required, however, when a non-diverse defendant has been fraudulently joined. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Under the fraudulent joinder doctrine, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (internal quotations and alteration omitted). The removing defendant "is entitled to present the facts showing the joinder to be fraudulent." Id. (internal quotations omitted). "A court may look beyond the pleadings to determine if a defendant is fraudulently joined." Nasrawi v. Buck Consultants, LLC, – F. Supp. 2d –, 2011 WL 846151, at *2 (E.D. Cal. Mar. 8, 2011). Fraudulent joinder can exist even where the plaintiff has no fraudulent intent, and fraudulent joinder "does not necessarily reflect on the integrity of plaintiff or plaintiff's counsel." Simpson v. Union Pac. R. Co., 282 F. Supp. 2d 1151, 1154–55 (N.D. Cal. 2003).

A removing defendant bears a "heavy burden" to establish fraudulent joinder in the face of "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal quotations omitted). "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law" must be resolved "in favor of the non-removing party." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (internal quotations omitted). If there is "any possibility" that the plaintiff could prevail on a claim against the in-state defendant, the case will be remanded. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

In other words, the case must be remanded "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal quotations and alteration omitted).

**C. ANALYSIS**

The Court first addresses whether it has diversity jurisdiction in this case and then addresses Plaintiff's request for attorneys' fees incurred as a result of Allstate's improper removal.

**1. DIVERSITY JURISDICTION**

The parties do not dispute that Plaintiff and Dr. Ouzounian are both citizens of California and that diversity jurisdiction therefore exists only if Dr. Ouzounian was fraudulently joined. The parties present competing arguments as to whether each cause of action against Dr. Ouzounian obviously fails on its face to state a claim. The Court, however, only addresses one cause of action: the invasion of privacy claim. Because the Court concludes that there is some possibility that Plaintiff could prevail on this claim, Dr. Ouzounian has not been fraudulently joined at least as to this claim, and diversity jurisdiction is therefore lacking. See Plute, 141 F. Supp. 2d at 1008.

Allstate contends that the invasion of privacy claim against Dr. Ouzounian obviously fails on its face for three reasons: (1) Dr. Ouzounian's allegedly wrongful conduct is not actionable under the litigation privilege of California Civil Code sections 47(b)(2) and 47(b)(3); (2) Plaintiff entered into an arbitration agreement with Dr. Ouzounian; and (3) the invasion of privacy claim is time-barred. (Opp. at 3, 5, 12–13.) The Court addresses each contention in turn.

   *a. Litigation Privilege*

Allstate first contends that the claims against Dr. Ouzounian obviously fail on their face because they are based on conduct that is privileged under California Civil Code sections 47(b)(2) and (b)(3). (Opp. at 2, 12–13.) Civil Code section 47(b) provides that a "publication or broadcast . . . made . . . [i]n any . . . (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law" is "privileged." Cal. Civ. Code § 47(b). Under this provision, "communications with some relation to judicial proceedings are absolutely immune from tort liability." Rusheen v. Cohen, 128 P.3d 713, 718–19 (Cal. 2006) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

Allstate argues that this provision immunizes Dr. Ouzounian from liability for Plaintiff's claims, including the invasion of privacy claim, because he engaged in the allegedly wrongful acts in the context of an uninsured motorist arbitration, an "official proceeding" covered by Civil Code section 47(b). (Opp. at 2.) The Court disagrees.

"[T]he litigation privilege protects only publications and communications." Rusheen, 128 P.3d at 719. Accordingly, a "threshold issue in determining the applicability of the privilege is whether the defendant's conduct was communicative or noncommunicative." Id. (internal quotations omitted). Thus, "the key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature." Id. Here, it appears that Plaintiff's claim is based at least in part on noncommunicative actions. Plaintiff claims that the eavesdropping on and recording of her confidential communications, without more, violated her rights. (FAC ¶ 34.) California law is clear that the mere act of recording is noncommunicative. See Kimmel v. Goland, 793 P.2d 524, 529 (Cal. 1990). Thus, to the extent that Plaintiff's claim is based on this noncommunicative act, it is not barred by Civil Code section 47(b)'s litigation privilege.

Moreover, Plaintiff's claim is also not barred by the litigation privilege to the extent that she seeks statutory damages under California Penal Code section 637.2 for the invasion of her privacy. (FAC ¶ 38.) Penal Code section 637.2 provides that any person injured by a violation of the Privacy Act may bring an action against the perpetrator for $5,000 in statutory damages, regardless of whether "the plaintiff has suffered, or be[en] threatened with, actual damages." Cal. Penal Code § 637.2(a)(1), (c). The right to such a statutory damages award accrues at the moment of the violation. Ribas v. Clark, 696 P.2d 637, 643–44 (Cal. 1985). Although the litigation privilege would bar recovery of actual damages resulting from the use of an illicit recording in connection with judicial proceedings, it does not bar recovery of statutory damages, as the right to those damages accrues immediately upon the illicit recording, outside the context of a judicial proceeding. Id.

For these reasons, it appears to the Court that Plaintiff's invasion of privacy claim is not barred by the litigation privilege, at least to the extent that it is based on Dr. Ouzounian's noncommunicative act of recording Plaintiff's private conversation and to the extent that Plaintiff seeks statutory damages. Thus, Allstate has not met its burden to show that Plaintiff's claim against Dr. Ouzounian is barred by the litigation privilege, and that that bar "is obvious according to the settled rules of state." See Morris, 236 F.3d at 1067. Allstate accordingly has not established that Dr. Ouzounian was fraudulently joined.

      ***b. Arbitration Agreement***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

    Next, Allstate contends that Dr. Ouzounian was fraudulently joined because Plaintiff entered into an arbitration agreement with him. (Opp. at 3, 5.) "Courts that have considered the issue of whether an arbitration agreement between a plaintiff and a non-diverse defendant renders the joinder of the non-diverse defendant fraudulent have uniformly concluded that the existence of an arbitration agreement does not yield the conclusion that Plaintiff has failed to state a colorable basis for a claim." Bio-Tec Envtl., LLC v. Adams, – F. Supp. 2d –, 2011 WL 2433047, at *10 (D.N.M. May 31, 2011) (internal quotations and ellipsis omitted) (quoting Cobalt Mining, LLC v. Bank of Am., N.A., No. 3:07-CV-598S, 2008 WL 695887, at *3 (W.D. Ky. Mar. 12, 2008)). This Court agrees.

    "[T]he existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement." Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000) (quoting Frank v. Am. Gen. Fin., Inc., 23 F. Supp. 2d 1346, 1349 (S.D. Ala. 1998)). Indeed, it appears likely that the arbitration agreement between Plaintiff and Dr. Ouzounian would not apply to Plaintiff's invasion of privacy claim, as the agreement covers "any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered." (Docket No. 16, Supplemental Declaration of Richard B. Wolf, Ex. A [Dr. Ouzounian's Petition to Compel Arbitration] at 26.) Allstate makes no argument as to why Plaintiff's invasion of privacy claim would qualify as a "dispute as to medical malpractice" subject to the arbitration agreement. Moreover, Allstate does not cite any authority or make any argument showing that the arbitration agreement would be enforceable under state law. Because it is accordingly "not a matter of settled state law that the agreement is valid, enforceable or applicable to the cause of action here," Allstate has not met its burden to show that Dr. Ouzounian was fraudulently joined in light of the arbitration agreement. See Doherty v. Pasteur, No. 01-4771, 2002 WL 1034044, at *5 (N.D. Cal. May 17, 2002).

       *c. Statute of Limitations*

    Finally, Allstate contends that the invasion of privacy claim against Dr. Ouzounian is time-barred. (Opp. at 5.) The statue of limitations for an invasion of privacy claim is one year. Ion Equip. Corp. v. Nelson, 168 Cal. Rptr. 361, 367 (Ct. App. 1980) (citing Cal. Civ. Proc. Code § 340). The statue of limitations begins to run when the plaintiff discovers the violation. See id. Here, Allstate has submitted evidence that the allegedly illegal recording took place on March

Case 2:11-cv-05538-GAF-PLA Document 17 Filed 08/04/11 Page 7 of 9 Page ID #:293

JS - 6   LINK: 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

17, 2010. (Declaration of Robert H. Edgerton ("Edgerton Decl.") ¶ 7.) Allstate's attorney then mailed a copy of the transcript of that recording to Plaintiff's counsel on April 22, 2010. (Id.) Plaintiff filed the instant suit on May 4, 2011, one year and 12 days after the transcript of the recording was mailed. (Not., Ex. A [Compl.].) Plaintiff did not file her amended complaint adding Dr. Ouzounian as a defendant and asserting the invasion of privacy claim until June 30, 2011. (FAC at 1.)

Even though Allstate may ultimately establish a statute of limitations defense to the invasion of privacy claim, it has not met its burden to show by clear and convincing evidence that Plaintiff actually discovered the alleged Privacy Act violation more than one year before filing her claim against Dr. Ouzounian. First, Allstate has offered no authority showing that Plaintiff's attorney's knowledge can be imputed to Plaintiff. Second, even assuming that Plaintiff's counsel's awareness of the recording could be imputed to Plaintiff, Allstate has submitted no evidence as to when Plaintiff's counsel actually received and reviewed the transcript. Counsel may have received and read the transcript on April 23, 2011, or he may have waited until some later date within the limitations period. Without any evidence of when counsel actually received the transcript, the Court cannot say that there is no possibility that Plaintiff will be able to recover on this claim. Because some possibility of recovery remains—and because Plaintiff would be given leave to amend her complaint to allege when she discovered the allegedly illicit recording—Allstate has not shown that Dr. Ouzounian was fraudulently joined on statute of limitations grounds. See Plute, 141 F. Supp. 2d at 1008; Padilla, 697 F. Supp. 2d at 1159.

### d. Conclusion

For the foregoing reasons, Allstate has not established that Plaintiff has failed to state a claim for invasion of privacy against non-diverse defendant Dr. Ouzounian, much less that any such failure is "obvious according to the settled rules of state." See Morris, 236 F.3d at 1067. Allstate has not shown by clear and convincing evidence that this claim is barred by the litigation privilege, by an enforceable arbitration agreement, or by the statute of limitations. Because Plaintiff's invasion of privacy claim against Dr. Ouzounian does not obviously fail on its face, Dr. Ouzounian's citizenship must be considered for purposes of determining diversity jurisdiction. Because both Dr. Ouzounian and Plaintiff are citizens of California, complete diversity is lacking. This Court accordingly lacks subject matter jurisdiction and this case must be **REMANDED**.

### 2. REQUEST FOR ATTORNEYS' FEES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

  In her motion to remand, Plaintiff also seeks attorneys' fees and costs incurred in filing the motion to remand. (Mem. at 9–10.) Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). If "an objectively reasonable basis exists, fees should be denied." Id. The district court has "broad discretion" in determining whether to award attorneys' fees in connection with a remand order. Fannie Mae v. Gooding, No. 11-762, 2011 WL 2636884, at *2 (S.D. Cal. July 6, 2011) (citing Martin, 546 U.S. at 137).

  In the circumstances of this case, the Court concludes that an award of attorneys' fees is not warranted. Although the Court ultimately concludes that Plaintiff's invasion of privacy claim does not obviously fail on its face, Allstate's argument that that claim is time-barred is not objectively unreasonable.

  Allstate's arguments that the other two claims against Dr. Ouzounian—for conspiracy to defraud and intentional infliction of emotional distress—were fraudulently added to defeat diversity jurisdiction are also not objectively unreasonable. Those claims appear to be based on Dr. Ouzounian's alleged authorship of a false medical report that supported Allstate's decision to deny Plaintiff's claim for uninsured motorist benefits. (See FAC ¶¶ 40–52.) Allstate, however, has submitted evidence that Dr. Ouzounian's report attributed all of Plaintiff's injuries to the accident with the uninsured motorist and that, on the basis of this report, Allstate paid Plaintiff $100,000, the policy limit for uninsured motorist coverage. (Declaration of Tye J. Ouzounian ¶ 4; Declaration of Carol E. Stokx ¶¶ 4–7.) Plaintiff does not contest these facts in her reply. (See generally Docket No. 15, Reply.) This evidence supports Allstate's contention that Dr. Ouzounian committed no wrongdoing apart from the alleged covert recording of Plaintiff's confidential communications. In light of this, it was at the very least reasonable for Allstate to argue that Dr. Ouzounian had been fraudulently joined to defeat diversity jurisdiction. In its discretion, the Court accordingly **DENIES** Plaintiff's request for attorneys' fees.

### III. CONCLUSION

  For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and this case is hereby **REMANDED** to Los Angeles County Superior Court. Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) is **DENIED**. The hearing on this motion—and on the motion to dismiss—currently scheduled for August 8, 2011, is hereby **VACATED**.

JS - 6        **LINK: 8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05538 GAF (PJWx) | Date | August 4, 2011 |
|---|---|---|---|
| Title | Cydney Wilson-Condon v. Allstate Indemnity Company et al | | |

**IT IS SO ORDERED.**